United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60380
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

KYLE C. FERRELL,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CR-81
---------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Kyle C. Ferrell appeals his conviction following a jury

trial for making a false statement to a financial institution and

wire fraud.  Ferrell argues for the first time on appeal that he

was denied a fair trial by the prosecutor's mischaracterization

of certain testimony; he also argues that the district court's

subsequent refusal to re-instruct the jury was error.  We find no

error, plain or otherwise, because the transcript shows that the

prosecutor did not mischaracterize the testimony.  See United

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Cotton, 535 U.S. 625, 631 (2002); United States v. Montgomery, 210 F.3d 446, 454-55 (5th Cir. 2000).

We also reject Ferrell's assertion that there was insufficient evidence to support the jury's finding of fraudulent intent. Ferrell complains that the testimony against him was not trustworthy. However, the credibility of witnesses is a matter for the jury. See United States v. Rodriguez, 278 F.3d 486, 490 (5th Cir. 2002). Ferrell has failed to show that a reasonable juror could not have found him guilty beyond a reasonable doubt. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. 1982)(en banc).

Finally, we find that the district court did not err in denying Ferrell's motion for a new trial. Ferrell asserts that he should receive a new trial because the district court did not re-instruct the jury that the prosecutor's statements were not evidence and because there was insufficient evidence to prove his fraudulent intent. Ferrell has not shown that the jury's verdict was against the great weight of the evidence such that it would be a serious miscarriage of justice to let it stand. See United States v. Robertson, 110 F.3d 1113, 1118 (5th Cir. 1997).

AFFIRMED.